IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **JENNIFER LYNN CARTWRIGHT,** | ) | **8:14CV246** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **STATE OF NEBRASKA, CITY OF SIDNEY, CHEYENNE COUNTY, LORI BARTLING, JORDAN BALL, WENDALL GASTON, SIDNEY POLICE-JONI M, ROLAND, Judge, CHEYENNE COUNTY ATTNY OFFICE, and ATTORNEY REPRESENTING CITY OF SIDNEY, UNKNOWN,** | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiff filed her Complaint in this matter on August 19, 2014. (Filing No. 1.) The court has given Plaintiff leave to proceed in forma pauperis. The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## II. DISCUSSION OF CLAIMS

Rather than explaining the facts of her claim, Plaintiff merely wrote, "REFER TO NEOC CASE FILE." (Filing No. 1 at CM/ECF p. 2.) However, Plaintiff did not attach any documents from the Nebraska Equal Opportunity Commission to her Complaint.

Federal Rule of Civil Procedure 8 requires that pleadings contain "short and plain statement[s]" of the grounds for the court's jurisdiction and of the claim showing that the Plaintiff is entitled to relief. Fed. R. Civ. P. 8. Even when liberally construed, Plaintiff's Complaint raises no claims and makes no allegations against any Defendant. On the court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently describes her claims against Defendants. Plaintiff should be mindful to explain what Defendants did to her, when they did it, how their actions harmed her, and what specific legal rights she believes they violated. If Plaintiff fails to file an amended complaint in accordance with this

2

Memorandum and Order, Plaintiff's claims against Defendants will be dismissed without prejudice and without further notice. Accordingly,

IT IS ORDERED:

1. Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that clearly states a claim upon which relief may be granted against Defendants. If Plaintiff fails to file an amended complaint, Plaintiff's claims against Defendants will be dismissed without further notice.

2. The clerk's office is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on December 8, 2014.

DATED this 5th day of November, 2014.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge