IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **JENNIFER LYNN CARTWRIGHT,** | ) | **8:14CV246** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **CITY OF SIDNEY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the Court on Plaintiff's Amended Complaint (Filing No. 11). Plaintiff filed her Amended Complaint on December 8, 2014. Plaintiff did not describe the facts of her claim in her Amended Complaint. Rather, she attached a "Commission Determination" and "Final Investigative Report" from the Nebraska Equal Opportunity Commission ("NEOC"). (*See* Filing No. 11. at ECF 6-46.) According to these documents, the NEOC found reasonable cause to believe that the City of Sidney, Nebraska, "discriminated against [Plaintiff] on the issue of terms and conditions on the basis of sex, and on the issues of terms and conditions and reasonable accommodation on the basis of disability (failure to allow exemption for service animals)." (Filing No. 11 at ECF 6.) The date of the NEOC's determination is not apparent from the face of the document. (*See* Filing No. 11 at ECF 6.) Plaintiff, however, alleged the "determination letter" is dated August 17, 2012. (Filing No. 11 at ECF 4.)

In this action, it appears Plaintiff intends to sue Defendants for discrimination against her on the basis of sex and disability in violation of the Fair Housing Act, 42 U.S.C. §§ 3601-3631, and the Nebraska Fair Housing Act, Neb. Rev. Stat. § 20-333. At this time the Court makes no determination as to the sufficiency of Plaintiff's Amended Complaint or whether it states a claim upon which relief may be granted. However, out of an

abundance of caution, and in order to ensure a just and fair resolution of this matter, Plaintiff will be allowed to serve the Defendants listed in the Amended Complaint (who are also the respondents named in Plaintiff's NEOC action): the City of Sidney, Nebraska; Jony Mathews (spelled "Joanie Matthes" in NEOC's Final Investigative Report); Jordan Ball; Gary Pearson; and Lori Bartling.  Accordingly,

IT IS ORDERED:

1.	This matter may proceed to service of process against the City of Sidney, Nebraska; Jony Mathews (spelled "Joanie Matthes" in NEOC's Final Investigative Report); Jordan Ball; Gary Pearson; and Lori Bartling.

2.	The Clerk of the Court is directed to terminate as parties those Defendants not named in the Amended Complaint.

3.	The Clerk of the Court is directed to send to Plaintiff a copy of the Amended Complaint, a copy of this Memorandum and Order, five summons forms, and five USM 285 Forms.  Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 120 days of filing the complaint.  However, Plaintiff is granted, on the Court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

4.	If requested to do so in this matter, the United States Marshal will serve all process in this case without prepayment of fees from Plaintiff.  In making such a request, Plaintiff must complete the USM 285 forms to be submitted to the Clerk of the Court with the completed summons forms.  Without these documents, the United States Marshal will not serve process.

5. Upon receipt of the completed forms, the Clerk of the Court will sign the summons forms and forward them to the Marshal for service on Defendant, together with a copy of the Amended Complaint.

6. The Clerk is directed to set a pro se case management deadline in this case with the following text: May 25, 2015: Check for completion of service of summons.

DATED this 2nd day of February, 2015.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.