IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **JENNIFER LYNN CARTWRIGHT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | 8:14CV246 |
| | ) | |
| V. | ) | |
| | ) | |
| **JORDAN BALL, CITY OF SIDNEY, NEBRASKA, JONY MATHEWS, Code Enforcer, and GARY PEARSON, City Manager,** | ) ) ) ) ) | ORDER |
| | ) | |
| **Defendants.** | ) ) | |

This matter is before the Court on Plaintiff's Motion for Extension of Time to Answer Admissions Late and Produce Documents (filing 40); Plaintiff's Request to Put Progression Order on Hold (filing 41); Plaintiff's Application for Court-Appointed Counsel (filing 42); and Defendants' Motion to Compel (filing 43).

Defendants served Plaintiff with Requests for Admissions, Interrogatories, and Requests for Production of Documents (collectively "discovery requests") on or about August 3, 2015.  To date, Plaintiff has not responded to the requests.  However, on October 5, 2015, Plaintiff filed a Motion for Extension of Time to respond to the discovery requests, asserting that health issues prevented her from responding in a prompt manner.  In response to this Motion, Defendants filed a Motion to Compel, asking that Plaintiff be ordered to respond to the discovery and that the matters set forth in the Requests for Admissions be deemed admitted.

Defendants are entitled to responses to their discovery requests.  Therefore, the Court will order Plaintiff to provide full responses no later than October 27, 2015.  However, Plaintiff is proceeding *pro se* in this matter.  Therefore, in the interest of justice, the Court declines to find the matters contained in the Requests for Admission admitted.  Plaintiff will be granted leave to respond to the Requests for Admissions out of time.

Plaintiff also requests that the Court appoint her an attorney. Plaintiff maintains that her health and limited financial resources prevent her from hiring counsel. However, "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel." *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996). "The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel." *Id*. At this time, no such benefit is apparent. Therefore, the request for appointment of counsel will be denied without prejudice to reassertion.

Plaintiff's Application for Court-Appointed Counsel also contains a request for temporary injunctive relief. This request will be denied. Plaintiff's Request to Put Progression Order on Hold (filing 41) pending a ruling on Plaintiff's motion for counsel will be denied as moot.

**IT IS ORDERED:**

1. Plaintiff's Motion for Extension of Time to Answer Admissions Late and Produce Documents (filing 40) is granted. **Plaintiff shall provide full responses to Defendants' discovery requests by October 27, 2015.**

2. Plaintiff's Application for Court-Appointed Counsel (filing 42) is denied without prejudice to reassertion. Plaintiff's request for injunctive relief is denied at this time.

3. Plaintiff's Request to Put Progression Order on Hold (filing 41) is denied as moot.

4. Defendants' Motion to Compel (filing 43) is granted, in part. **Plaintiff shall provide full responses to Defendants' discovery requests by October 27, 2015.**

5. The Clerk of Court is directed to mail a copy of this Order to Plaintiff at her address of record.

**DATED October 13, 2015.**

          **BY THE COURT:**

          **S/ F.A. Gossett**
          **United States Magistrate Judge**