# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| JENNIFER LYNN CARTWRIGHT, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 8:14CV246 |
| | ) | |
| V. | ) | |
| | ) | |
| JORDAN BALL, CITY OF SIDNEY, | ) | ORDER |
| NEBRASKA, JONY MATHEWS, | ) | |
| Code Enforcer, and GARY | ) | |
| PEARSON, City Manager, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on Plaintiff's "Request Federal Rule of Civil Procedure 16 and 26 be Recognized and Followed" ([filing 48](#)); Motion to Strike ([filing 49](#)); Motion for Leave to File an Amended Supplemental Complaint ([filing 51](#)); and Discovery Request ([filing 55](#)). This Order will also address Defendants' Motion for Sanctions ([filing 54](#)).

## DISCUSSION

On October 27, 2015, Plaintiff, proceeding pro se, filed a "Request Federal Rule of Civil Procedure 16 and 26 be Recognized and Followed" ("Request") ([filing 48](#)). Plaintiff asserts that Fed. R. Civ. P. 26(b)(2)(c) "has not been addressed." Rule 26(b)(2)(c) limits discovery if the Court determines that the discovery sought is unreasonably cumulative or duplicative, can be obtained from a more convenient source, or is overly burdensome. Plaintiff's Request does not, however, clearly indicate how discovery sought by Defendants is improper, or otherwise state how Rule 26 has not been followed. Plaintiff states that the Nebraska Equal Opportunity Commission ("NEOC") "has the entire case file in their possession and the NEOC has certain criteria for records to be released." However, Defendants represent that they have not requested production of the NEOC case file.

As far as Fed. R. Civ. P. 16 is concerned, the Court is unclear as to what relief Plaintiff seeks. Plaintiff has not identified any specific instance in which this Rule has not

been followed. Rule 16 generally deals with case management. As Plaintiff knows, an order setting case progression deadlines has already been entered in this case. Plaintiff's Request will be denied.

Plaintiff's Motion to Strike requests that the Court strike certain statements contained in Defendants' Reply Brief in Support of Motion to Dismiss ([filing 27](filing 27)), Defendants' Answer to Amended Complaint ([filing 29](filing 29)), and Defendants' Motion to Compel ([filing 43](filing 43)). Plaintiff has not identified a legitimate basis for striking portions of these filings. Also, the Court ruled upon Defendants' Motion to Dismiss and Motion to Compel before Plaintiff filed her Motion to Strike. Therefore, Plaintiff's Motion to Strike will be denied.

Plaintiff's Motion for Leave to File an Amended Supplemental Complaint will likewise be denied. Under the local rules of this Court, any party who moves for leave to amend a pleading must attach a copy of their proposed amended pleading to the motion to amend. NECivR 15.1. Plaintiff did not comply with this requirement.

Plaintiff also filed a Discovery Request with the Court. Plaintiff is advised that discovery requests should be sent to opposing counsel, not filed with the Court. Similarly, responses to discovery requests should not be sent to the Court via email or otherwise. Instead, discovery responses, including responsive documents, should be provided to Defendants' counsel. Therefore, Plaintiff's Discovery Request ([filing 52](filing 52)) will be stricken from the record.

Defendants have filed a Motion for Sanctions. Defendants request that the Court dismiss Plaintiff's Amended Complaint or, alternatively, find that all admissions contained in Defendants' Requests for Admissions be deemed admitted. In support of this motion, Defendants assert that Plaintiff did not comply with the Court's order directing Plaintiff to provide discovery responses by October 27, 2015. Defendants also assert that Plaintiff has filed multiple motions with the Court in an effort to delay progression of the case.

It is true that pro se litigants, like all other parties, must abide by the Federal Rules of Civil Procedure and the local rules of this Court. NEGenR 1.3 ("Unless stated otherwise, parties who proceed pro se are bound by and must comply with all local and federal

procedural rules."). However, the Court believes that the imposition of sanctions is not warranted at this time. Plaintiff has made *some* effort to comply with the applicable rules and there is no evidence that her motions have been filed in order to delay this action.

Nevertheless, Plaintiff is now put on notice that she must comply with the Federal Rules of Civil Procedure and local rules of this Court. Plaintiff must also fully comply with all orders of this Court. Future failure to do so will likely result in the imposition of sanctions. Although Plaintiff is proceeding pro se, she has demonstrated, through her various filings, at least some understanding of the Federal and local rules.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Request that Federal Rule of Civil Procedure 16 and 26 be Recognized and Followed (filing 48) is denied.

2. Plaintiff's Motion to Strike (filing 49) is denied.

3. Plaintiff's Motion for Leave to File an Amended Supplemental Complaint (filing 51) is denied.

4. Plaintiff's Discovery Request (filing 55) is stricken from the record.

5. Defendants' Motion for Sanctions (filing 54) is denied.

6. The Clerk of Court is directed to mail a copy of this Order to Plaintiff at the address on file with the Court.

**DATED November 30, 2015.**

                              **BY THE COURT:**

                              **S/ F.A. Gossett**
                              **United States Magistrate Judge**