# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JENNIFER LYNN CARTWRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | 8:14CV246 |
| | ) | |
| V. | ) | |
| | ) | |
| JORDAN BALL, CITY OF SIDNEY, | ) | ORDER |
| NEBRASKA, JONY MATHEWS, | ) | |
| Code Enforcer, and GARY | ) | |
| PEARSON, City Manager, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On or about January 26, 2016, Plaintiff submitted a document entitled "Plaintiff's Affidavit of Facts Proving Extraordinary Circumstances Exist, Requesting an Emergency Doctrine Supersede and be Applied to Allow Plaintiff to Participate in Preparation of the Pre-Trial Order." (Filing 79.)

Plaintiff's "Affidavit of Facts" states that she was not able to fully participate in the preparation of the proposed pre-trial order that defense counsel submitted to the Court on January 26, 2016. Plaintiff claims that she was not able to make additional changes to the proposed order, essentially because she ran out of time. Therefore, Plaintiff requests an extension of time to submit her proposed changes. Plaintiff's "Affidavit of Facts" also requests the appointment of counsel.

The Court will give Plaintiff one additional opportunity to participate in the submission of a proposed order. However, counsel will not be appointed. As Plaintiff was previously informed, [i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel." *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996). "The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel." *Id*. Again, no such benefit is apparent here.

Accordingly,

**IT IS ORDERED:**

1. **Plaintiff's requests ([filing 79](filing 79)) shall be granted, in part. A revised pre-trial order shall be submitted to the Court no later than March 2, 2016. Plaintiff shall provide her proposed additions and/or deletions to defense counsel by February 17, 2016. Defense counsel has no obligation to contact Plaintiff in an effort to obtain Plaintiff's changes. Defense counsel shall submit the revised order to the Court in accordance with the deadline. If no changes are necessary due to Plaintiff's failure to communicate with defense counsel regarding this matter, counsel shall so inform the Court.** If a party proposes an addition or deletion which is not agreed to by all the other parties, that fact should be noted in the text of the document. **The revised order must be signed by the pro se party and by counsel for all represented parties.**

2. The Pretrial Conference will be held before the undersigned in Courtroom 6, 2nd Floor of the Hurska Federal Courthouse, 111 South 18th Plaza, Omaha, Nebraska, on June 13, 2016 at 10:00 a.m. **All parties (or their attorneys) must attend the Pretrial Conference in Omaha.**

3. The Clerk of Court is directed to mail a copy of this Order to Plaintiff at her address of record, as well as send an electronic copy of this Order to Plaintiff's email address of record.

**DATED February 3, 2016.**

          **BY THE COURT:**

          **S/ F.A. Gossett**
          **United States Magistrate Judge**